UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60037-CR-CANNON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER TAVORRIS WILKINS,

    Defendant.

_____/

## NOTICE OF FILING DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Please take notice that the Defendant, Christopher Tavorris Wilkins, through his undersigned counsel, files herewith a Notice of Filing Defendant's Proposed Jury Instructions as Exhibit A.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 23, 2021, I electronically filed the foregoing document with the Clerk of Court using CMECF. I also certify that the foregoing document is being served this day on the Assistant U.S. Attorney.

                                          JEFFREY H. GARLAND, P.A.

                                          /s/ Jeffrey H. Garland
                                          Jeffrey H. Garland, Esq.
                                          Fla. Bar No. 320765
                                          2500 Rhode Island Ave., Suite B
                                          Ft. Pierce, Fl 34947-4771
                                          Telephone: (772) 489-2200
                                          Facsimile: (772) 489-0610
                                          E-mail: jgarland@treasurecoastlawyer.com
                                          Attorney for Defendant

EXHIBIT A

Count 1

Forcibly Assaulting a Federal Officer with
Use of a Deadly and Dangerous Weapon[1]
18 USC §111(b)

It's a Federal crime to forcibly assault a Federal officer using a deadly and dangerous weapon while the officer is performing official duties.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant "forcibly assaulted" the person described on the indictment;

(2) the person assaulted was a Federal officer performing an official duty; and

(3) the Defendant used a deadly and dangerous weapon.

A "forceable assault" is an intentional threat or attempt to cause serious bodily injury when the ability to do so is apparent and immediate. It includes any intentional display of force that would cause a reasonable person to expect immediate and serious bodily harm or death.

The Government must prove beyond a reasonable doubt that the victim was an employee of the United States performing an official duty and the Defendant forcibly assaulted the officer. Whether the Defendant knew at the time that victim was an employee of the United States carrying out an official duty does not matter.

An Assistant United States Attorney of the United States Attorney's Office is a Federal Officer and an employee of the United States and has the official duty to prosecute violations of federal criminal law.

---

[1] The indictment alleges deadly and dangerous in the conjunctive. Defendant submits that the enhancement is not at issue because the statutory language is not alleged.

A "deadly and dangerous weapon" means any object that is intentionally used in a manner that could cause death and present a danger of serious bodily injury.[2]

To show that such a dangerous and deadly weapon was "used" the Government must prove that the Defendant possessed the weapon and intentionally displayed it during the forcible assault with intent to cause death or to inflict bodily injury.[3]

Though a forcible assault requires an intentional threat or attempt to inflict serious bodily injury, the threat or attempt doesn't have to be carried out and the victim doesn't have to be injured.

---

[2] Defendant contends that the enhancement does not apply without the intent to cause death or inflict bodily injury.
[3] Defendant contends that the next sentence does not apply both because the indictment alleges the conjunctive, see footnote 1, *supra* and because a chair is not the type of defective weapon referenced in the statute.

Lesser Included Offense

In some cases a defendant is charged with breaking a law that actually covers multiple separate crimes.

A "lesser included offense" is a crime that isn't as serious as the other crime a defendant is charged with.

If you find the Defendant not guilty of the crime charged in Count 1, you must determine whether the Defendant is guilty of a lesser included offense.

Proof of the first lesser included offense requires proof beyond a reasonable doubt of the facts necessary to prove the crime charged in Count 1, except that the Defendant did not use a deadly and dangerous weapon.

If you find the Defendant not guilty of the first lesser included offense, then you must determine whether the Defendant is guilty of simple assault.

The Defendant can be found guilty of simple assault only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly assaulted the individual described in the indictment; and

(2) the assault occurred on federal property.

A simple assault is a serious expression of intent to inflict injury made under circumstances that would cause apprehension in a reasonable person as distinguished from idle or careless talk, exaggeration, or something said in a joking manner. The ability to carry out the threat must be apparent and immediate.

A federal courthouse is federal property.

Count 2
Threatening A Federal Law Enforcement Officer
18 USC §115(a)(1)(B)

It's a Federal crime to threaten to assault or to murder a Federal law enforcement officer with intent to retaliate against the official on account of the official's performance of official duties.[4]

The Defendant can be found guilty of threatening to murder a Federal law enforcement officer only if all the following are proved beyond a reasonable doubt:

(1)     the Defendant knowingly threatened to murder the individual described in the indictment; and

(2)     the Defendant made the threat to murder with the intent to retaliate against such official on account of the performance of official duties.

The Government must prove beyond a reasonable doubt that the victim was a Federal law enforcement officer or United States official.  Whether the Defendant knew at the time of the alleged threat that the Victim was a Federal law enforcement officer or United States official does not matter.

An Assistant United States Attorney is a Federal law enforcement officer authorized by law to engage in the prosecution of any violation of Federal criminal law.

A threat to commit murder is a serious expression of an intent to murder made under circumstances that would indicate an actual intent to commit murder as distinguished from idle or careless talk, exaggeration, or something said in a joking manner.[5]

---

[4] The penalty for threatening to murder is significantly higher that for threatening to assault.  Thus, the Defendant proposes to treat the threatening to assault as a lesser included offense.
[5] Defendant contends that the intent to commit "murder" is materially different, and greater, than to "assault".

Lesser Included Offenses

In some cases a Defendant is charged with breaking a law that actually covers separate crimes.

A "lesser included offense" is a crime that isn't as serious as the main crime that Defendant is charged with in Count 2.

If you find the Defendant not guilty of the crime charged in Count 2, you must determine whether the Defendant is guilty of a lesser included offense. The first lesser included offense is threatening to assault a Federal law enforcement officer.

The Defendant can be found guilty of threatening to assault a Federal law enforcement officer only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly threatened to assault the individual described in the indictment; and

(2) the Defendant made the threat to assault with the intent to retaliate against such official on account of the performance of official duties.

As I instructed you before, the Government must prove beyond a reasonable doubt that the victim was a Federal law enforcement officer or a United States official. Whether the Defendant knew at the time of the alleged threat that the victim was a Federal law enforcement officer or United States official does not matter.

An Assistant United States Attorney is a Federal law enforcement officer authorized by law to engage in the prosecution of any violation of Federal criminal law.

A threat to assault is a serious expression of intent to inflict injury made under circumstances that would cause apprehension in a reasonable person as distinguished from idle or careless talk, exaggeration, or something said in a joking manner.

If you find the Defendant not guilty of the lesser included offense of threatening to assault a Federal law enforcement officer, then you must determine whether the Defendant guilty of the next lesser included offense.  This next lesser included offense is simple assault.

If you find the Defendant not guilty of the first lesser included offense, then you must determine whether the Defendant is guilty of simple assault.

The Defendant can be found guilty of simple assault only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly assaulted the individual described in the indictment; and

(2) the assault occurred on federal property.

A simple assault is a serious expression of intent to inflict injury made under circumstances that would cause apprehension in a reasonable person as distinguished from idle or careless talk, exaggeration, or something said in a joking manner.  The ability to carry out the threat must be apparent and immediate.

A federal courthouse is federal property.