UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 21-60037-CR-CANNON

**UNITED STATES OF AMERICA**,

 Plaintiff,

vs.

**CHRISTOPHER TAVORRIS WILKINS,**

 Defendant.
_____/

## JURY INSTRUCTIONS

 Members of the jury:

 It is my duty to instruct you on the rules of law that you must use in deciding this case. After I have completed these instructions, you will go to the jury room and begin your discussions—what we call your deliberations.

 You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**The Duty to Follow Instructions and the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way either by sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole.  You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant is not evidence of guilt. The law presumes that every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all.  A defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision.  The Government must prove guilt beyond a reasonable doubt.  If it fails to do so, you must find the Defendant not guilty.

## Definition of "Reasonable Doubt"

The Government's burden of proof is heavy, but it doesn't have to prove a defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs.  If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so.  If you are not convinced, say so.

**Consideration of Direct and Circumstantial Evidence;**
**Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and is not binding on you.

You should not assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You should not be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There is no legal difference in the weight you may give to either direct or circumstantial evidence.

## Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

**Confession or Statement of a Single Defendant**

If the Government offers evidence that a defendant made a statement or admission to someone after being arrested or detained, you must consider that evidence with caution and great care.

You must decide for yourself (1) whether the Defendant made the statement, and (2) if so, how much weight to give to it.  To make these decisions, you must consider all the evidence about the statement—including the circumstances under which it was made.

**Note-taking**

You've been permitted to take notes during the trial. Most of you—perhaps all of you—have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

## Introduction to Offense Instructions

The indictment charges two separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Count 1 charges that the Defendant forcibly assaulted a Federal officer using a deadly or dangerous weapon while the officer was performing official duties, in violation of Title 18, United States Code, Sections 111(a)(1) and 111(b). If you find the Defendant not guilty of the crime charged in Count 1, then you will be asked to consider certain "lesser included offenses" of Count 1—forcible assault of a Federal officer *without* using a deadly or dangerous weapon, or simple assault.

Count 2 charges that the Defendant threatened to assault or murder a Federal law enforcement officer, in violation of Title 18, United States Code, Section 115(a)(1)(B).

I will now provide more detailed instructions on these counts.

**Forcibly Assaulting a Federal Officer with
Use of a Deadly or Dangerous Weapon
18 U.S.C. § 111(b)**

It is a Federal crime to forcibly assault a Federal officer using a deadly or dangerous weapon while the officer is performing official duties.

The Defendant can be found guilty of this crime only if the following facts are proven beyond a reasonable doubt:

(1) the Defendant "forcibly assaulted" the person described in the indictment;

(2) the person assaulted was a Federal officer performing an official duty; and

(3) the Defendant used a deadly or dangerous weapon.

A "forcible assault" is an intentional threat or attempt to cause serious bodily injury when the ability to do so is apparent and immediate. It includes any intentional display of force that would cause a reasonable person to expect immediate and serious bodily harm or death.

The Government must prove beyond a reasonable doubt that the victim was an employee of the United States performing an official duty and the Defendant forcibly assaulted the officer. Whether the Defendant knew at the time that the victim was an employee of the United States carrying out an official duty does not matter.

An Assistant United States Attorney of the United States Attorney's Office is a Federal Officer and an employee of the United States and has the official duty to prosecute violations of federal criminal law.

A federal courthouse is federal property.

A "deadly or dangerous weapon" means any object that can cause death or present a danger of serious bodily injury.

To show that such a weapon was "used," the Government must prove that the Defendant possessed the weapon and intentionally displayed it during the forcible assault.

Though a forcible assault requires an intentional threat or attempt to inflict serious bodily injury, the threat or attempt doesn't have to be carried out, and the victim doesn't have to be injured.

**Lesser Included Offenses**

In some cases, a defendant is charged with breaking a law that actually covers more than one crime.

A "lesser included offense" is a crime that is not as serious as the other crime a defendant is charged with.

If you find the Defendant not guilty of the crime charged in Count 1, you must determine whether the Defendant is guilty of either of the following lesser included offenses: (1) Assault of an Assistant United States Attorney Without the Use of a Deadly or Dangerous Weapon under 18 U.S.C. § 111(a)(1), or (2) Simple Assault.

The lesser included offense of Assault of an Assistant United States Attorney Without the Use of a Deadly or Dangerous Weapon under 18 U.S.C. § 111(a)(1) requires proof beyond a reasonable doubt of the facts necessary to prove the crime charged in Count 1—*except* the use by Defendant of a deadly or dangerous weapon.

If you find the Defendant not guilty of the first lesser included offense, then you must determine whether the Defendant is guilty of simple assault. The Defendant can be found guilty of simple assault only if all of the following facts are proved beyond a reasonable doubt:

(1) The Defendant knowingly assaulted the individual described in the indictment; and

(2) The assault occurred on federal property or the person assaulted was a Federal officer performing an official duty.

A simple assault is a willful attempt to inflict injury upon the person of another, or a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm.

A federal courthouse is federal property.

## Threatening a Federal Law Enforcement Officer
## 18 U.S.C. § 115(a)(1)(B)

It is a federal crime to threaten to assault or murder a federal law enforcement officer with intent to impede, intimidate, or interfere with the official's performance of official duties or with intent to retaliate against the official on account of the official's performance of official duties.

The Defendant can be found guilty of this crime only if the government proves all of the following facts beyond a reasonable doubt:

(1) the Defendant knowingly threatened to assault or murder the individual described in the indictment; and

(2) the Defendant made the threat with the intent to retaliate against such official on account of the performance of official duties.

The Government must prove beyond a reasonable doubt that the victim was a Federal law enforcement officer or United States official. Whether the Defendant knew at the time of the alleged threat that the victim was a Federal law enforcement officer or United States official does not matter.

An Assistant United States Attorney is a Federal law enforcement officer authorized by law to engage in the prosecution of any violation of Federal criminal law.

A threat is a serious expression of intent to inflict bodily injury or murder made under circumstances that would cause apprehension in a reasonable person as distinguished from mere idle or careless talk, exaggeration, or something said in a joking manner.

## On or About a Particular Date; Knowingly

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

14

**Conjunctively Charged Counts**

Where a statute specifies multiple alternative ways in which an offense may be committed, the indictment may allege the multiple ways in the conjunctive, that is, by using the word "and." If only one of the alternatives is proved beyond a reasonable doubt, that is sufficient for conviction, so long as you agree unanimously as to that alternative.

**Caution: Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 21-60037-CR-CANNON

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.

**CHRISTOPHER TAVORRIS WILKINS,**

    Defendant.

_____/

## VERDICT FORM

WE, THE JURY, unanimously return the following verdict:

**Count I**

1(a).    Did the Government prove beyond a reasonable doubt that Defendant Christopher Tavorris Wilkins committed forcible assault against a federal officer with a deadly or dangerous weapon?

YES_____                NO_____

*[If your answer to Question 1(a) is "Yes," move to Question 2(a). If your answer to Question 1(a) is "No," move to Question 1(b).]*

1(b).    Did the Government prove beyond a reasonable doubt that Defendant Christopher Tavorris Wilkins committed forcible assault against a federal officer without a deadly or dangerous weapon?

YES_____                NO_____

*[If your answer to Question 1(b) is "Yes," move to Question 2(a). If your answer to Question 1(b) is "No," move to Question 1(c).]*

[CONTINUED ON NEXT PAGE]

1(c).   Did the Government prove beyond a reasonable doubt that Defendant Christopher Tavorris Wilkins committed simple assault against the relevant individual?

YES_____              NO_____

*[Proceed to Question 2(a).]*

## Count II

2(a).   Did the Government prove beyond a reasonable doubt that Defendant Christopher Tavorris Wilkins threatened a federal law enforcement officer?

YES_____              NO_____

*[If your answer to Question 2(a) is "Yes," move to Question 2(b).  If your answer to Question 2(a) is "No," this ends your deliberations; your foreperson should skip the remaining questions and sign and date the last page of this verdict form.]*

2(b).   We, the Jury, having found Defendant guilty of threatening a federal law enforcement officer, further find that Defendant:

*[You may select none, one, or both of the categories below; in selecting each category, if any, you must all agree that the evidence supports the elements of that specific category beyond a reasonable doubt]*

_____ Knowingly threatened to murder the individual described in the indictment.

_____ Knowingly threatened to assault the individual described in the indictment.

**SO SAY WE ALL**.

Signed and dated at the United States Courthouse,

Fort Pierce, Florida, this _____ day of _____, 2022.

_____               _____
Foreperson's signature                                              Foreperson's printed name